IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JERMAINE TYLER                    :

    v.                              :    Civil Action No. DKC 23-2837

                                    :
JUDGE CARLOS F. ACOSTA, et al.
                                    :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this disability discrimination case is the unopposed motion to dismiss filed by Defendants Judge Carlos F. Acosta, Judge John M. Maloney, Judge Michael J. McAuliffe, and Judge James A. Bonifant (collectively, "Defendants"). (ECF No. 12). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

**I.   Background**

The following facts are alleged in the unverified amended complaint. (ECF No. 9). *Pro se* Plaintiff Jermaine Tyler ("Plaintiff") describes himself as "an individual with a qualified disability, limited in . . . major life activities." (*Id.* ¶ 8). Plaintiff, a party in two civil cases in the Montgomery County Circuit Court (the "Circuit Court Cases"), advances claims under the Americans with Disabilities Act (the "ADA") and Section 504 of

the Rehabilitation Act ("Section 504") against Defendants, judges of the Montgomery County Circuit Court, in their individual capacities.  (*Id.* ¶¶ 4-7, 18-31).  Plaintiff asserts that Defendants violated the ADA and Section 504 by (1) "deny[ing] . . . services for multiple hearings held;" and (2) "refusing to provide aids and services necessary . . . for Plaintiff[] to participate in hearings[.]"  (*Id.* at 1-2).  Plaintiff alleges that in various instances from July 27, 2023 to November 27, 2023, Defendants denied Plaintiff's requests, including those for reasonable accommodation and postponement.  (*See id.* ¶¶ 10-17).  Plaintiff contends that "Defendants have acted in a retaliatory manner by their . . . comments, rulings[,] and orders[.]"  (*Id.* ¶ 17).

On December 18, 2023, Plaintiff filed an amended complaint, seeking money damages as well as a declaration that Defendants' conduct violates the ADA and Section 504.  (*Id.* ¶ 32).  On January 16, 2024, Defendants filed a motion to dismiss.  (ECF No. 12).  Plaintiff, who was notified of his opportunity to file a response, (ECF No. 13), did not respond.

**II.  Standard of Review**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  "[T]he district court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in plaintiff's favor."  *Mays v. Sprinkle*, 992 F.3d 295,

2

299 (4th Cir. 2021).  A plaintiff's complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"  A Rule 8(a)(2) "showing" still requires more than "a blanket assertion[] of entitlement to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007), or "a formulaic recitation of the elements of a cause of action[,]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 545).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged."  *Mays*, 992 F.3d at 299-300 (quoting *Iqbal*, 556 U.S. at 663).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Despite this liberal construction requirement, however, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  Plaintiff's *pro se* status neither excuses him of his obligation to state a plausible claim nor transforms the court into his advocate.  *See Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  When "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim

3

which would entitle him to relief[,]'" dismissal of a *pro se* complaint is appropriate. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. Analysis

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12131.  Section 504 similarly provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]"  29 U.S.C. § 794.  Because the ADA and Section 504 consist of substantially identical language, claims under both statutes are generally combined for analytical purposes. *Doe v. Univ. of Maryland Med. Sys. Corp.*, 50 F.3d 1261, 1265 n.9 (4th Cir. 1995) (citing 42 U.S.C. § 12133); *Seremeth v. Bd. of Cnty. Comm'rs Frederick Cnty.*, 673 F.3d 333, 336 n.1 (4th Cir. 2012) (quoting *Doe*, 50 F.3d at 1265 n.9).

As a preliminary matter, Defendants argue that "Plaintiff's factual allegations do not implicate the ADA."  (ECF No. 12-1, at 6).  Defendants are incorrect.  Plaintiff's claims, which arise

4

from Defendants' alleged discrimination on the basis of disability, plainly implicate the ADA—and Section 504—on their face. (*See* ECF No. 9).

Defendants urge the court to dismiss Plaintiff's claims on both jurisdictional and non-jurisdictional bases. Defendants argue that this suit is barred by judicial immunity, Eleventh Amendment immunity, and the *Rooker-Feldman* doctrine. (ECF No. 12-1, at 5, 7, 8).[1] Additionally, Defendants assert that the ADA and Section 504 does not permit Plaintiff's suit against Defendants in

---

[1] Such jurisdictional challenges do not apply here. First, Defendants argue that "[t]o the extent Plaintiff alleges civil rights violations under 42 U.S.C. § 1983, the claims against Defendants are barred by judicial immunity[.]" (ECF No. 12-1, at 7). Because Plaintiff only alleges violations of the ADA and Section 504—and not a civil rights violation under 42 U.S.C. § 1983—judicial immunity does not apply. Second, Defendants argue that "Plaintiff's claims should be dismissed because the State and its officials are not susceptible to suit in federal court without a valid abrogation or waiver of its sovereign immunity." (*Id.* at 5) (citing U.S. Const. amend. XI; *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001)). Because Plaintiff advances only individual-capacity claims, Eleventh Amendment immunity does not apply. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (holding that Eleventh Amendment immunity precludes claims against state officers sued in their official capacity). Third, Defendants argue that under the *Rooker-Feldman* doctrine, this court is barred from reviewing determinations by the Montgomery County Circuit Court. (*See id.* at 8). Because Plaintiff does not request the court to review the merits of the judgments in the Circuit Court Cases, the *Rooker-Feldman* doctrine does not apply. *See Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 235-36 (4th Cir. 2013) ("The controlling question in the *Rooker-Feldman* analysis is whether a party seeks the federal district court to review a state court decision and pass upon the merits of that state court decision[.]" (quoting *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 202 (4th Cir. 1997))).

5

their individual capacities. (*Id.* at 7-8). Defendants also contend that the amended complaint fails to state claims for violations of the ADA and Section 504. (*Id.* at 9).

Plaintiff's claims against Defendants in their individual capacities are indeed disallowed under the ADA and Section 504. The ADA and Section 504 do not authorize individual-capacity liability. *Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F.Supp.3d 519, 552 (D.Md. 2019) (collecting cases). In the amended complaint, Plaintiff expressly states that each Defendant "is being sued in his individual capacity." (ECF No. 9 ¶¶ 4-7). Therefore, Plaintiff's claims must be dismissed[2] and it is unnecessary to address Defendants' remaining arguments in support of their motion to dismiss.

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted. A separate order will follow.

>                 /s/
>     DEBORAH K. CHASANOW
>     United States District Judge

---

[2] In *Tyler v. Berry*, No. 22-cv-2637-DKC, 2023 WL 5103750 (D.Md. Aug. 9, 2023), a substantially similar case, Plaintiff also advanced claims under the ADA and Section 504 against judges of the Montgomery County Circuit Court and the Montgomery County District Court in their individual capacities. The court dismissed Plaintiff's claims against those judges because the ADA and Section 504 do not permit individual-capacity suits. *Id.* at *6.